UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PAUL KAYLOR, | Case No. 3:14-cv-00651-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| DOUGLAS COUNTY, *et al.*, | |
| Defendants. | |

Plaintiff Paul Kaylor sued Defendants, officials involved in his arrest and prosecution for trespassing while on vacation at a casino in Stateline (South Lake Tahoe area), Nevada, alleging they violated his constitutional rights and interfered with his employment as a police officer back home in Pennsylvania. (ECF No. 1.) The Court granted summary judgment to Defendants on all except one of Plaintiff's claims against Defendant Kevin Karosich. (ECF No. 63.) Plaintiff, now *pro se*, then entered into a settlement agreement with all Defendants regarding his entire case. (ECF No. 83; *see also* ECF No. 85 (stipulation of dismissal).) Before the Court is Plaintiff's objection to Magistrate Judge William G. Cobb's Minute Order (ECF No. 92) denying Plaintiff's motion to enforce the settlement agreement (ECF No. 88). (ECF No. 93 ("Objection").)[1] The Court will overrule Plaintiff's Objection.

The Court agrees with Judge Cobb's decision to deny Plaintiff's motion to enforce the settlement agreement. First, in the settlement agreement, Defendants agreed: (1) to pay Plaintiff $12,500; and (2) not to oppose Plaintiff's motion for reconsideration of Justice of the Peace Richard Glasson of the Tahoe Justice Court's prior order denying Plaintiff's request to seal the records in Plaintiff's underlying criminal case. (ECF No. 94-1 at 9-18.)

---
[1]Defendants filed a response. (ECF No. 94.)

And the evidence before the Court shows Defendants complied with that agreement. (*Id.*; *see also id.* at 21-23, 25, 27-28, 34, 41.) Thus, Judge Cobb was correct when he wrote that there was "nothing else the court can enforce with respect to the settlement in this case." (ECF No. 92 at 2.) Second, as both Judge Cobb and Plaintiff's attorney in front of the Tahoe Justice Court acknowledged, Judge Cobb (and, for that matter, the Court) lacks jurisdiction to order Justice of the Peace Glasson to do anything under these circumstances. (ECF Nos. 94-1 at 31, 95 at 5, 16.) *See also, e.g.*, *Wolfe v. George*, 486 F.3d 1120, 1124 n.3 (9th Cir. 2007) ("The *Rooker–Feldman* doctrine generally bars federal district courts 'from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment.'") (citation omitted). In sum, Plaintiff's Objection is overruled.

The Court notes that Plaintiff made arguments and cited to cases not discussed above. The Court has reviewed those arguments and cases, and has determined they are immaterial to resolving Plaintiff's Objection.

It is therefore ordered that Plaintiff's objection to Judge Cobb's minute order denying his motion to enforce the settlement agreement (ECF No. 93) is overruled.

DATED THIS 27th day of April 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE